# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON
# CRIMINAL ACTION NO.: 03-80-DLB

**UNITED STATES OF AMERICA,**                                **PLAINTIFF**

**VS.**

**NUMAN ABUZAREIH,**                                         **DEFENDANT**

### MEMORANDUM ORDER

Defendant-petitioner Numan Abuzareih, proceeding *pro se* in his motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, has filed a motion seeking to compel production of his file from former trial counsel, Tim Schneider. The motion essentially alleges that Mr. Schneider has been uncooperative in delivering copies of the defendant's records to the defendant, and suggests service (via "cc") on Mr. Schneider, a non-party to this proceeding. The Federal Rules of Civil Procedure apply only on a limited basis in proceedings brought under §2255. Because the defendant is somewhat vague on the details of his communications, it is unclear whether Mr. Schneider has ever received a clear and unequivocal written or oral request for the records. Neither Mr. Schneider nor the United States have filed any response.

In addition to defendant's motion, the United States has filed a motion to compel a more complete petition or motion. Apparently in response to that motion, the defendant has now filed a thirty-two page memorandum in support of his original motion, with multiple exhibits, which more than adequately sets forth the basis of his claims. Therefore, the motion of the United States will be denied as moot.

Among the exhibits to the defendant's recently filed memorandum is a copy of his Pre-sentence Investigation Report ("PSR"). Pre-sentence Reports are ordinarily filed under seal because they contain sensitive information which could be harmful to the interests of the defendant and/or to non-parties. The Clerk of Court routinely redacts certain information, such as social security numbers, if it is inadvertently included in a filing in this court. The Clerk has so redacted the PSR filed by the defendant in this case, but the Clerk is not authorized to file any pleading or exhibit under seal absent a court order. The review of this court suggests that the PSR should have been filed under seal.

Accordingly, **IT IS ORDERED THAT:**

1. In the interest of judicial economy, the defendant's motion to compel [DE # 151] is **granted in part**. The Clerk shall serve a copy of this order on Mr. Timothy Schneider. Mr. Schneider either shall serve a copy of the defendant's records by mail upon the defendant at FCI Fort Dix, P.O. Box 7000, Fort Dix, NJ 08640, or shall show cause for his failure to provide the defendant's file to the defendant. Mr. Schneider shall file a "Notice" indicating either the date of service of the records on the defendant or justification for his failure to provide those records within fifteen (15) days of the date of this order;

2. The motion to compel a more complete petition filed by the United States [DE #152] is **denied as moot**;

3. The Clerk shall remove the PSR filed as an exhibit to defendant's memorandum [DE #153, Exh. 4] in order to place that document under seal;

4. The United States shall answer or otherwise defend the motion to vacate, in accordance with Rule 5 of the Rules Governing §2255 Cases, by no later than **February 19, 2006**.

This 20th day of January, 2006

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge